FILED

MICHAEL ALLEN
NAME

AD9539
PRISON IDENTIFICATION/BOOKING NO.

P.O. BOX 3030
ADDRESS OR PLACE OF CONFINEMENT

SUSANVILLE, CA. 96127

Note:    It is your responsibility to notify the Clerk of Court in writing of any
change of address. If represented by an attorney, provide his or her
name, address, telephone and facsimile numbers, and e-mail address.

2020 FEB 18 PM 2: 12

CLERK U.S DISTRICT COURT
CENTRAL DIST OF CALIF
RIVERSIDE

BY _____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CASE NUMBER:

CV-20-01567 VAP (AFM)

To be supplied by the Clerk of the United States District Court

MICHAEL ALLEN
FULL NAME (Include name under which you were convicted)

Petitioner,

530   Fee Due

RALPH DIAZ
NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER

Respondent.

☐ _____ AMENDED

**PETITION FOR WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY
28 U.S.C. § 2254**

PLACE/COUNTY OF CONVICTION SAN DIEGO
PREVIOUSLY FILED, RELATED CASES IN THIS DISTRICT COURT
(List by case number)
CV _____
CV _____

## INSTRUCTIONS - PLEASE READ CAREFULLY

1.    To use this form, you must be a person who either is currently serving a sentence under a judgment against you in a California state court, or will be serving a sentence in the future under a judgment against you in a California state court. You are asking for relief from the conviction and/or the sentence. This form is your petition for relief.

2.    In this petition, you may challenge the judgment entered by only one California state court. If you want to challenge judgments entered by more than one California state court, you must file a separate petition for each court.

3.    Make sure the form is typed or neatly handwritten. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4.    Answer all the questions. You do not need to cite case law, but you do need to state the federal legal theory and operative facts in support of each ground. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a legal brief or arguments, you may attach a separate memorandum.

5.    You must include in this petition all the grounds for relief from the conviction and/or sentence that you challenge. You must also state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

6.    You must pay a fee of $5.00. If the fee is paid, your petition will be filed. If you cannot afford the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out and sign the declaration of the last two pages of the form. Also, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account at the institution. If your prison account exceeds $25.00, you must pay the filing fee.

7.    When you have completed the form, send the original and two copies to the following address:
   Clerk of the United States District Court for the Central District of California
   United States Courthouse
   ATTN: Intake/Docket Section
   255 East Temple Street, Suite TS-134
   Los Angeles, California 90012

PLEASE COMPLETE THE FOLLOWING (*check appropriate number*):

This petition concerns:
1. ☒ a conviction and/or sentence.
2. ☐ prison discipline.
3. ☐ a parole problem.
4. ☐ other.

## PETITION

1. Venue
   a. Place of detention  High Desert State Prison
   b. Place of conviction and sentence  San Diego County Superior Court

2. Conviction on which the petition is based (*a separate petition must be filed for each conviction being attacked*).
   a. Nature of offenses involved (*include all counts*):  Voluntary Manslaughter and Evading an officer with reckless driving, with two gang enhancment.

   b. Penal or other code section or sections: California Penal Code sections: 192(a), 186.22(b)(1), Vehicle Code section 2800.2, Penal Code section 186.22(b)(1).

   c. Case number:  SCD216913
   d. Date of conviction:  June 09, 2010
   e. Date of sentence:  July 16, 2010
   f. Length of sentence on each count:  11 years - Voluntary Manslaughter, Two years Evading an officer with reckless driving, 10 years - gang enhancement, Three years - gang enhancement.
   g. Plea (*check one*):
      ☐ Not guilty
      ☒ Guilty
      ☐ Nolo contendere
   h. Kind of trial (*check one*):
      ☐ Jury
      ☐ Judge only

3. Did you appeal to the California Court of Appeal from the judgment of conviction?    ☐ Yes  ☒ No
   If so, give the following information for your appeal (*and attach a copy of the Court of Appeal decision if available*):
   a. Case number: _____
   b. Grounds raised (*list each*):
      (1) _____
      (2) _____

    (3) _____

    (4) _____

    (5) _____

    (6) _____

  c.  Date of decision: _____

  d.  Result _____

    _____

4.  If you did appeal, did you also file a Petition for Review with the California Supreme Court of the Court of Appeal decision?  ☐ Yes  ☐ No

If so, give the following information (and attach copies of the Petition for Review and the Supreme Court ruling if available):

  a.  Case number: _____

  b.  Grounds raised (list each):

    (1) _____

    (2) _____

    (3) _____

    (4) _____

    (5) _____

    (6) _____

  c.  Date of decision: _____

  d.  Result _____

    _____

5.  If you did not appeal:

  a.  State your reasons  Petitioner did not appeal due to plea agreement, but since has discovered that his plea has was invalid and unauthorized because it violated the Sixth Amendment.

    _____

    _____

  b.  Did you seek permission to file a late appeal?  ☐ Yes  ☒ No

6.  Have you previously filed any habeas petitions in any state court with respect to this judgment of conviction?

☒ Yes  ☐ No

If so, give the following information for each such petition (use additional pages, if necessary, and attach copies of the petitions and the rulings on the petitions if available):

  a.  (1) Name of court: Superior Court of San Diego County

    (2) Case number: HC 22494 / SCD 216913

    (3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing): May 19, 2016

(4) Grounds raised *(list each)*:

    (a)   Six Amendment right's pursuant to Cunningham v. California

    (b)   Violation of Cal. Penal Code section 1170.1(a)

    (c)   _____

    (d)   _____

    (e)   _____

    (f)   _____

(5) Date of decision: September 26, 2016

(6) Result Denied

_____

(7) Was an evidentiary hearing held?    ☐ Yes  ☒☒ No

b.  (1) Name of court: Court of Appeal, Fourth Appellate District

    (2) Case number: D072182

    (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: May 22, 2017

    (4) Grounds raised *(list each)*:

        (a)   Six Amendment right's pursuant to Cunningham v. California

        (b)   Ineffective assistance of counsel during sentencing

        (c)   Ineffective assistance of counsel during habeas proceedings

        (d)   _____

        (e)   _____

        (f)   _____

    (5) Date of decision: June 22, 2017

    (6) Result Denied

_____

    (7) Was an evidentiary hearing held?    ☐ Yes  ☒☒ No

c.  (1) Name of court: Supreme Court of California

    (2) Case number: S244576

    (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: September 26, 2017

    (4) Grounds raised *(list each)*:

        (a)   Sixth Amendment right's pursuant to Cunningham v. California

        (b)   _____

        (c)   _____

        (d)   _____

        (e)   _____

        (f)   _____

(5) Date of decision: July 24, 2019

(6) Result  Denied

(7) Was an evidentiary hearing held?  ☐ Yes  ☒ No

7. Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☒ No

   If yes, answer the following:

   (1) Docket or case number (if you know):

   (2) Result:

   (3) Date of result (if you know):

   (4) Citation to the case (if you know):

8. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than five grounds. Summarize briefly the <u>facts</u> supporting each ground. For example, if you are claiming ineffective assistance of counsel, you must state facts specifically setting forth what your attorney did or failed to do.

   **CAUTION:**  *Exhaustion Requirement*:  In order to proceed in federal court, you must ordinarily first exhaust your state court remedies with respect to each ground on which you are requesting relief from the federal court. This means that, prior to seeking relief from the federal court, you first must present <u>all</u> of your grounds to the California Supreme Court.

   a. Ground one:  SEE ATTACHMENT TO HABEAS PETITION

   (1) Supporting FACTS:  SEE ATTACHMENT TO HABEAS PETITION

   (2) Did you raise this claim on direct appeal to the California Court of Appeal?  ☐ Yes  ☒ No
   (3) Did you raise this claim in a Petition for Review to the California Supreme Court?  ☐ Yes  ☒ No
   (4) Did you raise this claim in a habeas petition to the California Supreme Court?  ☒ Yes  ☐ No

   b. Ground two:  NOT APPLICABLE

   (1) Supporting FACTS:

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?  ☐ Yes  ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?  ☐ Yes  ☐ No

9.  If any of the grounds listed in paragraph 8 were not previously presented to the California Supreme Court, state briefly which grounds were not presented, and give your reasons: _____

_____ NOT APPLICABLE _____

_____

10.  Have you previously filed any habeas petitions in any federal court with respect to this judgment of conviction?

☐ Yes   ☒ No

If so, give the following information for each such petition (use additional pages, if necessary, and attach copies of the petitions and the rulings on the petitions if available):

a.  (1) Name of court: _____

(2) Case number: _____

(3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing): _____

(4) Grounds raised (list each):

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

(6) Result _____

_____

(7) Was an evidentiary hearing held?   ☐ Yes ☐ No

b.  (1) Name of court: _____

(2) Case number: _____

(3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing): _____

(4) Grounds raised (list each):

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

_____
_____
_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?  ☐ Yes   ☐ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?  ☐ Yes   ☐ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?  ☐ Yes   ☐ No

c.   Ground three:   NOT APPLICABLE
_____

(1) Supporting FACTS: _____
_____
_____
_____
_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?  ☐ Yes   ☐ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?  ☐ Yes   ☐ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?  ☐ Yes   ☐ No

d.   Ground four:   NOT APPLICABLE
_____

(1) Supporting FACTS: _____
_____
_____
_____
_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?  ☐ Yes   ☐ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?  ☐ Yes   ☐ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?  ☐ Yes   ☐ No

e.   Ground five:   NOT APPLICABLE
_____

(1) Supporting FACTS: _____
_____
_____
_____
_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?  ☐ Yes   ☐ No

(6) Result _____

_____

(7) Was an evidentiary hearing held?        ☐ Yes ☐ No

11. Do you have any petitions now pending (i.e., filed but not yet decided) in any state or federal court with respect to this judgment of conviction?        ☐ Yes ☒ No

If so, give the following information *(and attach a copy of the petition if available):*

(1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing):* _____

(4) Grounds raised *(list each):*

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

12. Are you presently represented by counsel?        ☐ Yes ☒ No

If so, provide name, address and telephone number: _____

_____

_____

WHEREFORE, petitioner prays that the Court grant petitioner all relief to which he may be entitled in this proceeding.

_____
*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on  1/30/20
                    *Date*                              *Signature of Petitioner*

MICHAEL ALLEN v. RALPH DIAZ

ATTACHMENT TO HABEAS PETITION

8.   Ground one:

Petitioner's Sixth Amendment right's as defined by Cunningham v.
California, 549 U.S. 270 (2007); were violated by the trial court's
imposition of the upper term sentence without any legally sufficient
aggravationg circumstances/factors found to exist by a jury or admitted
by petitioner. (Cunningham v. California, 549 U.S. 270, 288 (2007);
see also Blakely v. Washinton, 542 U.S. 296, 303-304 (2004).)

(1)   Supporting FACTS:

Petitioner Michael Allen was charged with seven criminal offenses
including murder and attempted murder. Petitioner began trial on the
charged offenses which commenced on June 07, 2010; in the Superior
Court of San Diego County.

On June 09, 2010, the jury trial ceased and petitioner entered a plea
of guilty to one count voluntary manslaughter with an unspecified
gang enhancement attached, and one count evading an officer with
reckless driving, with an unspecified gang enhancement attached.
Petitioner did admit to the gang enhancement in open court as part
of the plea agreement.

Petitioner was sentenced to a total of 26 years: 11 years upper term
for one count voluntary manslaughter, 2 years low term for one count
evading an officer with reckless driving, 10 years for gang enhancement
attached to the voluntary manslaughter count, and 3 years for the
gang enhancement attached to the evading an officer with reckless
driving count.

MICHAEL ALLEN v. RALPH DIAZ

ATTACHMENT TO HABEAS PETITION

Supporting FACTS:

Petitioner sentence was a result of a plea agreement, however, petitioner had since discovered that the plea was in violation of his Sixth and Fourteenth Amendment right's under the United States Constitution. Based on the fact that petitioner did not admit to any aggravating circumstances, when he entered his plea nor were any admissions to aggravating circumstances apart of the plea agreement related to the voluntary manslaughter count.

The eleven years for voluntary manslaughter exceeded the statutory maximum sentence for that criminal offense; without aggravating circumstances found true by the jury or admitted by petitioner. The imposition of the upper term of 11 years violated petitioner's Sixth and Fourteenth Amendment right's, in which the trial court imposed a sentence greater than what the law allowed.

On May 19, 2016, petitioner filed an instant Petition for Writ of Habeas Corpus, claiming: 1) imposition of the upper-term sentence on the voluntary manslaughter conviction violated his Six Amendment right's pursuant to Cunningham v. California, 549 U.S. 270 (2007); and 2) imposition of the full consecutive sentence for evading an officer with reckless driving and gang allegation violated California Penal Code section 1170.1(a).

On June 22, 2016, the Superior Court of San Diego County requested an informal response from the People of the State of California, regarding petitioner's claims of error.

On July 22, 2016, the People filed an informal response, contending

2

MICHAEL ALLEN v. RALPH DIAZ

ATTACHMENT TO HABEAS PETITION

Supporting FACTS:

that the court should deny petitioner's petition. Petitioner filed a reply to the informal response, and contended his claims of sentencing errors were valid and were not procedurally barred.

On September 26, 2016, the Superior Court of the County of San Diego issued an Order to Show Cause why relief requested by petitioner should not be granted. On March 02, 2017, the Superior Court denied petitioner's petition.

In May of 2017, petitioner filed a petition for writ of habeas corpus in the Court of Appeal, Fourth Appellate District, raising the claim that his Sixth and Fourteenth Amendment right's pursuant to Cunningham were violated. An on June 22, 2017, the Fourth Appellate District denied the petition.

In September of 2017, petitioner filed a petition for writ of habeas corpus in the Supreme Court of California. An on July 24, 2019, the Supreme Court denied the petition on the basis that the petition was untimely.

This specific ground meets the AEDPA standard for a writ of habeas corpus for the following: 1) this ground resulted in a decision that was contrary to, and involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; and 2) this ground resulted in a dicision that was based on an unreasonable determination of the facts in light of the

MICHAEL ALLEN v. RALPH DIAZ

ATTACHMENT TO HABEAS PETITION

Supporting FACTS:

evidence presented in the State Court proceeding. 28 U.S.C. §2254(d).

No State Court held an evidentiary hearing, and the Superior Court and Court of Appeal issued opinion denials, only the Supreme Court denied the petition based on it being untimely.

Petitioner has established that this ground merits relief and an evidentiary hearing is required if: 1) [the defendant] has alleged facts that if proven, would entitle him to habeas relief, and he did not receive a full and fair opportunity to develop those facts. (Williams v. Woodford, 384 F. 3d 567, 586 (9th Cir. 2004).)

Imposition of the upper-term sentence was imposed in violation of petitioner's Sixth Amendment right's because no aggravating circumstances were found by the jury or admitted by petitioner. This increased petitioner's sentence beyond the statutory maximum held in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000); ["Any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." Apprendi, supra, 530 U.S. at 490).]

In Cunningham v. California, 549 U.S. 270 (2007); the United States Supreme Court held that California's Determinate Sentencing Law (DSL) violates Apprendi's bright-line rule. Thus, Cunningham is not new law, but California's (DSL) was held unconstitutional as dictated by Blakely v. Washington, 542 U.S. 296, 303-304 (2004).

As for remedy and relief petitioner asks this Court to grant an

4

MICHAEL ALLEN v. RALPH DIAZ

ATTACHMENT TO HABEAS PETITION

Supporting FACTS:

evidentiary hearing to review the record that petitioner's sentence on upper-term was imposed in violation of his Sixth Amendment right to a jury trial because there was no aggravating circumstances to elevate his sentence beyond the statutory maximum on the one count voluntary manslaughter count.

Petitioner's sentence is unconstitutional on this ground as stands: "If the jury's verdict alone does not authorize the sentence, if, instead the judge must find an additional fact to impose the longer term, the Sixth Amendment requirement is not satisfied." (Cunningham, supra, 549 U.S. at 290; citing Blakely, supra, 542 U.S. at 305 and fn.8.)

RECEIVED

2020 FEB 18  PM 5: 01

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

MICHAEL ALLEN
_____
          *Petitioner*                    BY ____

RALPH DIAZ
_____
          *Respondent(s)*

**DECLARATION IN SUPPORT
OF REQUEST
TO PROCEED
*IN FORMA PAUPERIS***

I, MICHAEL ALLEN _____, declare that I am the petitioner in the above entitled case;
that in support of my motion to proceed without being required to prepay fees, costs or give security therefor, I state that
because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am
entitled to relief.

1.  Are you presently employed?  ☐ Yes   ☒ No

    a.  If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your
        employer. _____

    b.  If the answer is no, state the date of last employment and the amount of the salary and wages per month which
        you received. Petitioner has never been employed. _____

2.  Have you received, within the past twelve months, any money from any of the following sources?
    a.  Business, profession or form of self-employment?     ☐ Yes   ☒ No
    b.  Rent payments, interest or dividends?                ☐ Yes   ☒ No
    c.  Pensions, annuities or life insurance payments?      ☐ Yes   ☒ No
    d.  Gifts or inheritances?                               ☐ Yes   ☒ No
    e.  Any other sources?                                   ☐ Yes   ☒ No

    If the answer to any of the above is yes, describe each source of money and state the amount received from each
    during the past twelve months: _____
    _____
    _____

3.  Do you own any cash, or do you have money in a checking or savings account?  *(Include any funds in prison accounts)*
    ☐ Yes   ☒ No

If the answer is yes, state the total value of the items owned: _____

_____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property?  *(Excluding ordinary household furnishings and clothing)*  ☐ Yes   ☒ No

If the answer is yes, describe the property and state its approximate value: _____

_____

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support:  <u>NOT APPLICABLE</u>

_____

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on <u>1/30/20</u>
       *Date*                      *Signature of Petitioner*

## CERTIFICATE

I hereby certify that the Petitioner herein has the sum of $ _____ on account to his credit at the _____ institution where he is confined. I further certify that Petitioner likewise has the following securities to his credit according to the records of said institution: _____

_____

_____

_____           _____
     *Date*                               *Authorized Officer of Institution/Title of Officer*



Michael Allen # AU 9539
P.O. Box 3030   C-5-205
Susanville, CA. 96127
High Desert State Prison

C5

RECEIVED
CLERK US. DISTRICT COURT

FEB 18 2020

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION
BY DEPUTY

Intake

United States District Court
Central District of California.
3470 Twelfth St.
Riverside, CA 92501-3801